# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re: FRANK and DAWN HACKLER,<br><br>*Debtors*<br><br>---<br><br>FRANK J. HACKLER and DAWN A. STELZE-HACKLER,<br><br>*Plaintiffs-Appellees*,<br><br>v.<br><br>ARIANNA HOLDING COMPANY, LLC.,<br><br>*Defendant-Appellant*, | Civil Action No.: 17-cv-6589 (PGS)<br><br>**MEMORANDUM AND ORDER** |

I.

This matter returns to the Court on Appellant Arianna Holding Company, LLC's Motion to Stay Pending Appeal. (ECF No. 20). For the reasons set forth herein, Appellant's motion is denied.

The factual background of this matter has been set forth at length in the Court's March 22, 2018 Memorandum and Order affirming the Bankruptcy Court's summary judgment in favor of Plaintiff-Debtors Frank and Dawn Stelze-Hackler; order voiding the final judgment of foreclosure, under 11 U.S.C. § 547(b); and order that Debtor's property be returned to them. *In re Hackler*, No. 17-6589, 2018 U.S. Dist. LEXIS 47594 (D.N.J. Mar. 22, 2018). As the Court writes for the parties only, it will not repeat the narrative here.

II.

A stay "is not a matter of right, even if irreparable injury might otherwise result." *Nken v. Holder*, 556 U.S. 418, 427 (2009) (quoting *Virginian R. Co. v. United States*, 272 U.S. 658, 672 (1926)). It is within the Court's discretion, based on the circumstances of the particular case, to decide whether to grant a stay. "In considering whether to grant a stay pending appeal, courts consider the following four factors: (1) whether the appellant has made a strong showing of the likelihood of success on the merits; (2) will the appellant suffer irreparable injury absent a stay; (3) would a stay substantially harm other parties with an interest in the litigation; and (4) whether a stay is in the public interest." *In re Revel AC, Inc.*, 802 F.3d 558, 565 (3d Cir. 2015). The first two factors are "the most critical" to the court's consideration. *Id.* at 568.

III.

*1. Likelihood of Success on the Merits*

Under this first factor, the stay movant must demonstrate "a sufficient degree of success for a strong showing exists if there is 'a reasonable chance, or probability of winning.'" *In re Revel, Inc*, 802 F.3d at 568. "[I]t isn't enough that the failure to obtain a stay will be 'a disaster' for the stay movant but only a 'minor inconvenience to the defendant,' as '[e]quity jurisdiction exists only to remedy legal wrongs; [thus,] without some showing of a probable right[,] there is no basis for invoking it.'" *Id.* (quoting *Roland Mach. Coto. v. Dresser Indus.*, 749 F.2d 380, 386 (7th Cir. 1984)).

Here, for the third time, Arianna makes the same argument that both the Bankruptcy Court and this Court erred in concluding that the Supreme Court's holding in *BFP v. Resolution Trust Corporation*, 511 U.S. 531, 546-47 (1994) has no application in determining whether to void a foreclosure pursuant 11 U.S.C. § 547(b). Again, however, the Court remains unpersuaded.

2

Section 548 of the Bankruptcy Code, which was at issue in *BFP*, is a wholly separate section of the Code, requiring different elements be satisfied by a debtor seeking to avoid a fraudulent transfer. Specifically, Section 548 allows a debtor to set aside transfers that are either "infected by actual fraud" or "constructively fraudulent"; in doing so, the debtor must demonstrate: (1) he or she had an interest in the property; (2) the transfer occurred within one year of filing for bankruptcy; (3) the debtor was insolvent; and (4) the debtor received "less than a reasonably equivalent value in exchange for such transfer." *BFP*, 511 U.S. at 535 (quoting 11 U.S.C. § 548(a)(2)(A)). Section 547(b), however, concerns a single creditor receiving a far better remedy than he or she is otherwise entitled to. 11 U.S.C. § 547(b). Here, in order to avoid the transfer, the debtor must satisfy five distinct elements, which are starkly different than Section 548. Moreover, contrary to Arianna's continued contention, there is no similar "less than reasonably equivalent value" language injected into Section 547(b), which would otherwise present potential federalism issues.

Simply put, the Court remains unpersuaded by Arianna's attempt to read *BFP*'s narrow application into Section 547(b). As such, the Court is satisfied that Arianna has failed to demonstrate a strong likelihood of success on the merits.

*2. Irreparable Harm*

The Court next considers whether Arianna will suffer irreparable harm absent a stay. "To establish irreparable harm, a stay movant 'must demonstrate an injury that is neither remote nor speculative, but actual and imminent." *In re Revel Inc.*, 802 F.3d at 571. "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Id.* (quoting *Sampson v. Murray*, 415 U.S. 61, 90 (1974)). Here, in seeking to demonstrate irreparable harm, Arianna

3

argues, "Debtors can destroy or impair Arianna's interest in the subject property by alienating it or encumbering it." (Defendant's Brief in Support at 10). However, this argument is purely speculative and unsupported by the evidence in the record. *See In re Revel, Inc.*, 802 F.3d at 572 ("the adequacy of the proof provided plays an important role '[i]n evaluating the harm that will occur depending upon whether or not [a] stay is granted.'" (citation omitted)). Moreover, Arianna's interests would nevertheless be protected during a Chapter 7 bankruptcy liquidation. As such, the Court does not find that Arianna will suffer irreparable harm absent a stay.

Therefore, having concluded that Arianna has failed to carry its burden in demonstrating a likelihood of success on the merits and irreparable injury, the Court is satisfied that no additional analysis is necessary. "If the movant does not make the requisite showings on either of these first two factors, the inquiry into the balance of harms and the public interest is unnecessary, and the stay should be denied without further analysis." *In re Revel, Inc.*, 802 F.3d at 571 (internal quotation marks and citation omitted). Consequently, for the reasons discussed above, Arianna's motion to stay is denied.

### ORDER

Having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments and exhibits therein presented, and for good cause shown, and for all of the foregoing reasons,

IT IS on this __14__ day of __August__ 2018,

**ORDERED** that Appellant's Motion to Stay Pending Appeal is **DENIED**.

PETER G. SHERIDAN, U.S.D.J.